IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

EMC INSURANCE COMPANIES                                                    PLAINTIFF

v.                                    Case No. 1:16-cv-1025

ENTERGY ARKANSAS, INC.                                                     DEFENDANT

# ORDER

Before the Court is a Motion for Judgment as a Matter of Law filed by Defendant Entergy Arkansas, Inc. ("Defendant"). Plaintiff EMC Insurance Companies ("Plaintiff") initiated this subrogation action against Defendant on April 5, 2016. A jury trial was held in this matter on May 8, 2018, with the undersigned presiding. At the conclusion of Plaintiff's presentation of evidence, Defendant moved for judgment as a matter of law as to Plaintiff's subrogation claim prior to submission of the case to the jury. After a review of the evidence presented at trial and the arguments of counsel, the Court finds as follows.

The standard for granting judgment as a matter of law is governed by Federal Rule of Civil Procedure 50. Rule 50(a)(1) provides as follows:

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>
> (A) resolve the issue against the party; and
>
> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be manifested or defeated only with a favorable finding on that issue.

Fed. R. Civ. P. 50(a)(1). The Eighth Circuit has explained that "[j]udgment as a matter of law is appropriate only when all of the evidence points one way and is 'susceptible of no reasonable

inference sustaining the position of the nonmoving party.'" *Howard v. Mo. Bone & Joint Ctr., Inc.*, 615 F.3d 991, 995 (8th Cir. 2010) (quoting *Keenan v. Computer Assocs. Int'l, Inc.*, 13 F.3d 1266, 1269 (8th Cir. 1994)). "In deciding a motion for judgment as a matter of law, the court shall (1) resolve direct factual conflicts in favor of the nonmovant, (2) assume as true all facts supporting the nonmovant which the evidence tended to prove, (3) give the nonmovant the benefit of all reasonable inferences, and (4) deny the motion if the evidence so viewed would allow reasonable jurors to differ as to the conclusions that could be drawn." *Stults v. Am. Pop Corn Co.*, 815 F.3d 409, 418 (8th Cir. 2016) (citing *Jones v. Edwards*, 770 F.2d 739, 740 (8th Cir.1985)).

At the conclusion of Plaintiff's evidence, Defendant moved for judgment as a matter of law on the basis that Plaintiff had failed to present evidence demonstrating that its insureds had been made whole. In light of the evidence presented at trial, and with all reasonable inferences made in favor to Plaintiff, the Court agrees that there is no legally sufficient evidence that would allow reasonable jurors to find for Plaintiff on its subrogation claim. Specifically, the Court finds that Plaintiff cannot exercise its right of subrogation as it failed to present evidence at trial establishing that its insureds had been made whole, pursuant to the Arkansas made-whole doctrine, prior to the initiation of this action.

"The made-whole doctrine is a descriptive term for assuring against unjust enrichment of the insureds." *Riley v. State Farm Mut. Auto. Ins. Co.*, 381 S.W.3d 840, 848 (Ark. 2011) (citing *S. Farm Bureau Cas. Ins. Co. v. Tallant*, 207 S.W.3d 468, 472 (Ark. 2005)). Under the made-whole doctrine, "[a]n insured should not recover more than that which fully compensates, and an insurer should not recover any payments that should rightfully go to the insured so that he or she is fully compensated." *Id*. "The general rule is that an insurer is not entitled to subrogation unless the insured has been made whole for his loss." *Id*. "Absent an agreement or settlement between

the parties, an insurer's right to subrogation does not accrue until there has been a legal determination by a court that the insured has been made whole." *Id*.

In the present case, although Plaintiff presented evidence demonstrating that it paid out settlement proceeds to its insureds, it failed to obtain a legal determination that its insureds had been made whole by the settlement prior to initiating this subrogation action. Thus, the Court finds that Plaintiff does not have standing to pursue its subrogation claim against Defendant in this action. Accordingly, the Court finds that Defendant's Motion for Judgment as a Matter of Law should be and hereby is **GRANTED**.

**IT IS SO ORDERED**, this 18th day of May, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge